### TOM EDWARDS V. THE STATE.

#### No. 1536.  Decided February 21, 1912.

#### Rehearing denied March 27, 1912.

**Theft of Cattle—Statement of Facts—Diligence.**

   Where counsel for defendant prepared a statement of facts in due time and presented same to the district attorney who declined to approve it, and thereupon in due time presented same with certificate of disagreement to the trial judge with the request to make out a statement of facts, and said trial judge did not prepare and file a statement of facts within time and not until after the transcript was filed in the Appellate Court, the cause must be reversed and remanded.

Appeal from the District Court of Titus.  Tried below before the Hon. P. A. Turner.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Rolston & Ward,* for appellant.—On the question of diligence: Ruston v. State, 15 Texas Crim. App., 336 and 377; Bigham v. State, 36 Texas Crim. Rep., 453; Napier v. State, 57 S. W. Rep., 649.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of negligence: Riojas v. State, 36 Texas Crim. Rep., 182.

On question that statement of facts should be considered: Tankersley v. State, 51 Texas Crim. Rep., 170; Bigham v. State, 36 Texas Crim. Rep., 453; Branch Crim. Law, section 41, page 21.

DAVIDSON, PRESIDING JUDGE.—This is a companion case to Atchley Parker v. State, this day decided. This record is in the same condition as that in the Parker case and for the reasons set out in the opinion in that case, this judgment will be reversed and the cause remanded.

                                           *Reversed and remanded.*

Prendergast, Judge, absent.

#### ON REHEARING.

#### March 27, 1912.

DAVIDSON, PRESIDING JUDGE.—At a former day of this term the judgment herein was reversed and remanded on account of the failure of the district judge to approve the statement of facts in time to be considered by this court, holding that appellant, where it is shown he

used diligence in seeking statement of facts, he is entitled to a reversal if he does not obtain statement of facts. The States files a motion for rehearing and cites us to several cases, among others, Tankersley v. State, 51 Texas Crim. Rep., 224. We are of opinion that the cases cited by the State do not cover the situation shown by this record. The Act of the Thirty-Second Legislature, page 264, authorizes the consideration of a statement of facts filed at any time before the transcript is filed or entitled to be filed by law in the Appellate Court. The record in this case was filed October 2, 1911, in this court, and the statement of facts was not approved by the trial judge until January 9, 1912, over three months after the record was filed in this court. As approved by the judge the statement of facts was filed in the trial court on January 10, 1912, and in this court on January 15, 1912. Under the terms of the Acts of the Thirty-Second Legislature, this statement of facts was filed too late to be considered here. Had the statement of facts been filed in the trial court before the transcript was filed here, we would have had the question presented by the State's motion for rehearing, but under the term of the Act of the Thirty-Second Legislature the statement of facts came too late.

The State's motion for rehearing is therefore overruled.

*Overruled.*